Argued and submitted February 27, convictions affirmed; remanded for resentencing March 26, petition for review denied July 1, 1997 (325 Or 446)

STATE OF OREGON,
*Respondent,*

*v.*

DAVID BRUCE HEGSTROM,
*Appellant.*

(95C-21452; CA A91791)

936 P2d 371

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of rape in the first degree (count 1, ORS 163.375), sodomy in the first degree (count 2, ORS 163.405) and two counts of sexual abuse in the first degree (counts 3 and 4, ORS 163.427). Defendant assigns error to the trial court's application of ORS 137.635 to his sodomy conviction. That statute provides that, when a court sentences a convicted defendant on any of a list of enumerated felonies, and that defendant "has previously been convicted" of any of those felonies, the court must impose a determinate sentence that is not subject to reduction or parole. In this case, the trial court treated defendant's conviction on count 1 as a previous conviction for the purposes of sentencing defendant on count 2 under ORS 137.635. In doing so, the trial court erred. ORS 137.635 applies when a person who has been found guilty of one of the crimes listed in that statute already has been convicted of one of those crimes *before* committing the crime for which he or she is to be sentenced. *State v. Allison*, 143 Or App 241, 256, 923 P2d 1224, *rev den* 324 Or 487 (1996). We have considered defendant's other assignment of error and reject it without discussion.

Convictions affirmed; remanded for resentencing.